UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| STEVEN W. PURTELL, Successor Trustee, THE CALVIN PITTS IRREVOCABLE TRUST, | ) ) ) ) | Civil Action No. 5: 23-304-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | **MEMORANDUM ORDER** |
| ROBERT LEE CLARK, | ) ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the plaintiff's motion for an order permitting an appraiser to access the real property located at 150 Railroad Lane, Sadieville, Kentucky (the "Property"), and for an extension of the deadline to disclose expert witnesses. [Record No. 22] For the reasons set forth below, both requests will be granted.

**I.**

Plaintiff Steven W. Purtell, as Successor Trustee of The Calvin Pitts Irrevocable Trust (the "Trust"), asserts that an appraisal is necessary to determine the value of the Property, which the Trust acknowledges was lawfully conveyed to Defendant Robert Lee Clark. [Record No. 1, ¶ 14] The defendant opposes both the appraisal and the requested filing extension, arguing that an appraisal is unnecessary, and that the plaintiff had ample time to meet the initial deadline for expert witness disclosure. [Record No. 24, p. 2]

## II.

The Court's Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). While the primary measure of "good cause" is the moving party's diligence, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002), district courts must also consider any potential prejudice to the opposing party, *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003). District courts have broad discretion when it comes to assessing these factors and determining good cause. *See Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

This Court entered a Scheduling Order on January 23, 2024. [Record No. 9] Pursuant to that Order, the plaintiff's deadline for identifying expert witnesses was July 1, 2024. [*Id.* ¶ 2] The plaintiff has provided emails with defense counsel dating back to May 31, 2024, in which plaintiff's counsel seeks access to the Property for purposes of an appraisal. [Record Nos. 22-1, 22-2] Both emails are marked "High" priority and both draw attention to the plaintiff's July 1, deadline. The alleged lack of response from the defendant appears to have impeded the plaintiff's ability to comply with the Scheduling Order. The defendant does not rebut these claims, nor does he indicate a likelihood of prejudice if the motion is granted. The undersigned finds this a sufficient showing of good cause to justify a limited extension.

## III.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for "broad and liberal" discovery of any non-privileged matter relevant to any party's claim or defense. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114–15 (1964). The scope of this right to discovery may include the right to inspect and appraise real property. To compel access to said property, a movant must describe the property with "reasonable particularity" and "must specify a

reasonable time, place, and manner for the inspection." Fed. R. Civ. P. 34(b). To adequately rebuff such a motion, the non-moving party must demonstrate that the request "either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from [compliance] outweighs the presumption in favor of broad disclosure." *Transamerica Life Ins. Co. v. Moore*, 274 F.R.D. 602, 608 (E.D. Ky. 2011).

The plaintiff claims that an independent appraisal of the Property is necessary to contradict or rebut the intended testimony of a representative from the Scott County Property Valuation Administration. [Record No. 25, p. 2] The defendant has offered no substantive justification regarding why the plaintiff should not be entitled to said independent appraisal. The only arguments raised by the defendant address the merits of the overall action or the timeliness of the request.

The Court finds that the request for an independent appraisal is central to the plaintiff's claim for a constructive trust or its monetary equivalent. The appraisal will provide an independent expert valuation of the property, which is necessary for a fair adjudication of this matter. The Court also notes that the plaintiff's efforts to schedule the appraisal appear to have been hindered by the defendant's lack of responsiveness, thereby justifying the need for a court order to facilitate access.

### IV.

Based on the foregoing analysis and conclusions, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion seeking access to the Property for purposes of appraisal [Record No. 22] is **GRANTED**.

2. The defendant is **DIRECTED** to permit the plaintiff's appraiser to access and appraise the real property located at 150 Railroad Lane, Sadieville, Kentucky, **within fifteen (15) days**.

3. The plaintiff's motion for a filing extension [Record No. 22] is **GRANTED.**

4. The Scheduling Order entered January 23, 2024, [Record No. 9] is **AMENDED**, as follows:

(1) No later than August 16, 2024, the plaintiff must disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2).

No later than September 13, 2024, the defendant must disclose the identity of expert witnesses who may be used at trial and written reports by the experts as required by Rule 26(a)(2).

5. The original Scheduling Order [Record No. 9] remains in effect in all other respects.

Dated: July 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky